THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS KELLEY, Plaintiff in Error.

*Opinion filed June 23, 1928.*

1. CRIMINAL LAW—*when verdict of jury will not be disturbed.* The Supreme Court will not disturb a verdict finding the defendant guilty where the evidence is in direct conflict and the court cannot say from a reading of it that the jury were not fully warranted in finding the verdict.

2. SAME—*when instruction directing verdict is proper.* An instruction directing a verdict finding the defendant guilty as charged is not improper where it states all the essential elements which must be found and is preceded by the condition that the jury must "believe from the evidence, beyond a reasonable doubt," that the essentials have been proved.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the County Court of McDonough county; the Hon. T. H. MILLER, Judge, presiding.

EDWARD PREE, RUSSELL F. MEYER, and T. MAC DOWNING, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM R. HARRIS, State's Attorney, and ROY D. JOHNSON, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

On December 24, 1925, the State's attorney of McDonough county filed an information in the county court of that county against plaintiff in error, Thomas Kelley. The information consisted of four counts, the first and second of which charged the unlawful sale of intoxicating liquor, and the third and fourth the unlawful possession of intoxicating liquor. Plaintiff in error entered a plea of not guilty and a trial resulted in a verdict of guilty on the second count of the information. A motion for a new trial was overruled and plaintiff in error was sentenced to imprisonment in the county jail of McDonough county for a period of 120 days and to pay a fine of $200. He sued out a writ of error from the Appellate Court for the Third District, which court affirmed the judgment of the county court of McDonough county. The record is now before this court for review upon writ of error.

Plaintiff in error assigns as error that the evidence is insufficient to support the judgment. A paid investigator from the sheriff's office testified that upon two occasions he bought intoxicating liquor from plaintiff in error, on each occasion paying him four dollars therefor. An analysis of the liquor disclosed that its alcoholic volume was 37.5 per cent. Plaintiff in error testified that he did not sell any intoxicating liquor to the investigator. The jury saw and heard the witnesses and were in a much better position to judge of their credibility than we are. The verdict of the jury on questions of fact will not be disturbed unless palpably contrary to the weight of the evidence. (*People v. Thompson,* 321 Ill. 594.) While the evidence in the case is in direct conflict, we cannot say from a reading of it

that the jury were not fully warranted in finding the verdict which they did.

Plaintiff in error complains of the giving of the People's first and second instructions. The first instruction is as follows:

"The court instructs the jury that if you believe from the evidence, beyond a reasonable doubt, that the defendant in this case sold intoxicating liquor as charged in the information without having a permit, from the Attorney General to sell the same, and you further believe from the evidence, beyond a reasonable doubt, that the liquor so sold was fit for use for beverage purposes and contained more than one-half of one per cent of alcohol by volume, then you should find the defendant guilty as charged in the first and second counts of the information, or either of them, specifying in your verdict the count or counts which have been so proven."

Plaintiff in error contends that by this instruction the trial court clearly assumed the fact that liquor was sold, etc. We think on a fair reading of the instruction it is not open to this objection. The first part of the instruction says, "If you believe from the evidence, beyond a reasonable doubt," etc. We think the natural construction of the instruction is that all the rest of the instruction depended upon this first clause, and that the jury would understand that they must believe from the evidence, beyond all reasonable doubt, all the other things stated in the instruction before finding plaintiff in error guilty. This being so, there is no merit in the criticism of counsel for plaintiff in error as to this instruction. *People* v. *Sapp,* 282 Ill. 51.

What we have said applies also to the People's second instruction.

Finding no error in the record the judgment of the Appellate Court is affirmed.        *Judgment affirmed.*